IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANTONIO WEBB,                               )
                                            )
        Plaintiff,                        )
                                            )
        v.                                )   No. 07-4017-CV-C-NKL
                                            )
STATE OF MISSOURI, et al.,                  )
                                            )
        Defendants.                       )

**REPORT, RECOMMENDATION AND ORDER**

    Plaintiff Antonio Webb, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as sole defendant is the State of Missouri.[1]

    In support of his claims for equitable relief and damages, plaintiff states defendants drew blood from him without his consent. Plaintiff further claims defendants used force to subdue him and draw blood and that he was injured as a result. Plaintiff claims defendants used more force than was necessary to subdue him. Plaintiff also claims he is medicated with mind-altering drugs against his will and that he was strapped to his bed for an excessive period. Plaintiff further claims his grievances go unanswered.

    Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

---

[1] Although not specifically listed as defendants, plaintiff also identifies Steve Sherwood, David Childs, Julie Dominguez, Gail Jeffries and Mike Madison in the body of his complaint as having participated in what he alleges to be wrongful conduct, and obviously intended to include them as defendants.

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims against the State of Missouri should be dismissed. Section 1983 of Title 42, United States Code, is directed to persons acting under color of state law, not individual states. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Thus, the State of Missouri is not a proper party to an action brought under section 1983. Aubuchon v. State of Missouri, 631 F.2d 581, 582 (8th Cir. 1980).

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Plaintiff is being granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. The records available to the court, however, indicate plaintiff is capable of paying a partial filing fee. See L.R. 83.7. Failure to pay the partial filing fee may result in dismissal of plaintiff's claims for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the

time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiff requested copies of the witness statements submitted with his complaint free of charge. Plaintiff should keep a copy of all documents filed with the court. The copying fee is $.10 per page, but on this one occasion, plaintiff will be mailed a copy of the witness statements. If plaintiff wants other documents, he will need to provide the Clerk of Court with the fee.

IT IS, THEREFORE, ORDERED that the Clerk of Court provide to plaintiff, without charge, a copy of the witness statements attached to his complaint. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff pay a partial filing fee of $2.11. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the addresses where defendants Sherwood, Childs, Domingez, Jeffries and Madison may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendants Sherwood, Childs, Domingez, Jeffries and Madison answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

3

RECOMMENDED that plaintiff's claims against the State of Missouri be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 12th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge