IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANTONIO WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4017-CV-C-NKL |
| ) | |
| STEVE SMARTWOOD, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Antonio Webb filed suit in January 2007, asserting his constitutional rights were violated during an incident at Fulton State Hospital on December 13, 2006.[1] Webb states the Fulton State Hospital defendants used excessive force and injured him when they forcibly withdrew blood, forcibly medicated him, and placed him in restraints. He states he remained strapped to a bed for 9-1/2 hours, had visible bruises, skinned marks, and a swollen face. The following day, plaintiff called Missouri Protection and Advocacy Services (MOPAS) to report the incident, and was told the information would be given to defendant Tratchel, who would send someone to take photographs of his injuries. He claims other individuals from the hospital also called MOPAS to seek assistance on his behalf.

Plaintiff asserts defendant Tratchel, a MOPAS employee, did not get in touch with him, send someone to take photographs or otherwise act to protect him in the future. Plaintiff had previously filed a grievance against defendant Tratchel, and implies this may have influenced her decision not to respond to him. In a later document, plaintiff adds, in broad and conclusory terms, that Tratchel criminally conspired with the hospital staff to deprive him of his civil rights.

Defendant Tratchel seeks dismissal of the claim against her, pursuant to Fed. R. Civ. P. 12(b)(6). She asserts she is not a state actor and she did not deprive plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. Thus, she states plaintiff has failed to state a colorable claim against her under 42 U.S.C. § 1983.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The requirement that a defendant has acted "under color of state law" is a jurisdictional requisite for a section 1983 action. Polk County v. Dodson, 454 U.S. 312, 315 (1981).

The traditional definition of acting under color of state law requires the defendant to have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Polk County, 454 U.S. at 317-18.

In Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982), the Court made clear that if a defendant's conduct satisfies the state action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under section 1983." West, 487 U.S. at 49.

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the state . . . or by a person for whom the state is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937-38. The determination whether a party acted under color of state law is "necessarily a fact-bound inquiry," id. at 939, that requires the court to sift facts and weigh circumstances. Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961). See also Evans v. Newton, 382 U.S. 296, 299 (1966).

Three principles are commonly utilized in answering color of state law questions. Blum v. Yaretsky, 457 U.S. 991 (1982). First, state regulation is not dispositive unless there is also a

2

"sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." Id. at 1004 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974)). Second, "a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement . . . that the choice must in law be deemed to be that of the state." Id. Third, if a party has exercised powers or performed functions that are "traditionally the exclusive prerogative of the state," that conduct may be considered as performed under color of state law. Id. at 1005.

Defendant Tratchel is an employee of MOPAS. MOPAS is an independent, nonprofit organization (referred to as an "eligible system") authorized under the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. § 10801, et seq., "to monitor and protect the rights of the mentally ill." Missouri Protection & Advocacy Services v. Missouri Department of Mental Health, 447 F.3d 1021, 1023 (8th Cir. 2006). According to its website, it is not a governmental agency. Instead, the employees are advocates and lawyers who can work for those eligible for the agency's services. Missouri Protection and Advocacy Services at http://www.moadvocacy.org/PAIMI.asp.

This court has found no cases which indicate employees of MOPAS are state actors or acting under color of state law when they perform their monitoring and advocacy duties under the PAIMI. In the absence of factual allegations which, when analyzed under the three principles noted above, would suggest defendant Tratchel's actions were state actions or were taken under color of state law, plaintiff has failed to state a claim against her.

First, plaintiff has not cited the court to any state regulation or close nexus which would make Tratchel's actions that of the state. Second, plaintiff has not alleged facts suggesting the exercise of coercive power or significant encouragement by the state. Third, the facts do not indicate Tratchel performed functions or exercised powers that are traditionally the exclusive prerogative of the state.

In reaching this decision, the court has also considered the similarities and analysis used when deciding whether public defenders are state actors. In both cases, the individuals are advocates, with professional independence. Likewise, in some cases, they are both adversaries

of the state.[2]  Further, in the case of MOPAS employees, they are not state employees, but are employed by a private organization whose primary purpose under the PAIMI is to act on behalf of the mentally ill patient.

The conduct of retained or appointed counsel, in representing clients, does not constitute action under color of state law.  Bilal v. Kaplan, 904 F.2d 14 (8th Cir. 1990); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974); see also Eling v. Jones, 797 F.2d 697, 699 (8th Cir. 1986).  In Polk County, 454 U.S. at 325, the Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  In this capacity, a public defender differs from the typical governmental employee and state actor.  While performing his duties, the public defender retains all of the essential attributes of a private attorney, including his "professional independence," which the state is constitutionally obliged to respect.  Id. at 321-22.  The Court concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of section 1983 because he "is not acting on behalf of the State; he is the State's adversary."  Id. at 323 n.13.

In his response to defendant's motion to dismiss, plaintiff now alleges defendant conspired with state actors to violate his civil rights, and he cites a criminal statute to support his claim.  Plaintiff does not allege defendant conspired to injure him, because the incident occurred prior to defendant Tratchel learning about it.  Instead, plaintiff implies she conspired with hospital staff to cover up the incident or not to stop such action in the future.  Plaintiff has not set forth any facts suggesting defendant Tratchel had any contact with the other named defendants with regard to this incident.  At one point, plaintiff states he was told defendant Tratchel had investigated the incident, but there are no facts indicating how it was investigated or who Tratchel talked to about it.

To be actionable under 42 U.S.C. § 1983, a "federal statute must confer 'specific, individually enforceable rights' upon the person who seeks to enforce the statute and evidence an

---

[2]Plaintiff is housed is a state mental facility and the other defendants in this case are state employees.  If defendant Tratchel's role is to serve as an advocate for plaintiff where he alleges excessive force and physical abuse by the state defendants, she is acting adverse to state actors.

4

intent that these rights can be privately enforced." Burke v. North Dakota Dept. of Corr. and Rehabilitation, 2007 WL 1456217 at 7-8 (D. N.D. May 16, 2007). The statute cited by plaintiff, 18 U.S.C. § 241, is part of the Federal Criminal Code and does not confer specific individually enforceable rights upon plaintiff.

Additionally, complaints alleging conspiracy will not be sustained unless they are sufficiently specific. White v. Bloom, 621 F.2d 276 (8th Cir. 1980). Plaintiff Webb has not specifically alleged facts demonstrating "defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding" and he has not provided "sufficient facts to suggest a 'meeting of the minds.'" Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (quoting White v. Walsh, 649 F.2d 560 (8th Cir. 1981)). Rather, plaintiff's conspiracy claims are broad and conclusory statements unsupported by factual allegations and lack an arguable basis in either law or fact. Grady v. Wilken, 735 F.2d 303 (8th Cir. 1984).

In light of the foregoing and the suggestions submitted by defendant, it is

RECOMMENDED that defendant Tratchel's motion of June 13, 2007, to dismiss be granted and plaintiff's claims against defendant Tratchel be dismissed. [29]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 1st day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge