# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ANTONIO WEBB, Register No. 1175777, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-4017-CV-C-NKL |
| | ) |
| STEVE SMARTWOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Defendants have filed a motion for summary judgment, plaintiff suggestions in opposition, and defendants a reply.[1]

Defendants argue that plaintiff has no evidence to support his claims that staff of Fulton State Hospital (Fulton) used excessive force, are guilty of assault and battery, violated his First Amendment Free Exercise rights when they administered prescription drug Ativan to him, and defamed him when they wrote that he became violent with staff.

Federal Rule of Civil Procedure 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

In the instant case, the court finds there to be no dispute of material fact as to plaintiff's claims.

## Excessive Force Claims

In the instant case, although plaintiff's recount of the incident which occurred on December 13, 2006, is different than that of defendants, the court finds there is, nonetheless, no genuine issue of material fact in dispute. The undisputed facts show that plaintiff, who was in the custody and care of the Missouri Department of Mental Health, was mandated to submit to a blood withdraw for HIV testing, without the right of refusal, pursuant to Mo. Rev. Stat. 191.662(1)(2)[2], and that plaintiff refused such testing. The undisputed facts also show defendants spent about ten to fifteen minutes discussing with plaintiff why he was required to submit to the blood withdrawal and that such testing was mandatory; but plaintiff still refused. This was not the first time plaintiff was required to submit to such testing, and therefore, he was already familiar with the testing. Prior to December 2006, plaintiff had already been required to submit to testing on June 14, July 26 and again in September 2006. This testing was ordered after plaintiff informed Dr. Sethi on June 12, 2006, that he had sexual intercourse with another patient. Upon consult with Dr. Adusumilli, Dr. Sethi ordered plaintiff to undergo testing for

---

[2]"The department of mental health may perform or conduct HIV testing or HIV sampling without the right of refusal on: . . . (2) Any individual under the care and custody of the department of mental health who has refused to undergo testing whenever there are reasonable grounds to believe that the individual is infected with HIV and is a reasonable health threat to others . . . ." Mo. Rev. Stat. 191.662(1)(2) (2004).

HIV, Hepatitis A and B, and RPR, immediately, and then again in six weeks, three months, six months, and one year.

The undisputed facts also show that plaintiff physically resisted the attempts of defendants to have him submit to the testing. Although plaintiff states he did not threaten defendants, become loud, or present a physical danger to himself or others, he does not dispute that he physically resisted defendants' attempts to have him submit to the testing. Further, defendants who were attempting to subdue plaintiff were physically injured, with one requiring a visit to the emergency room. Despite plaintiff's assertion that he had injuries, he has no evidence to support such claim, and the evidence submitted by defendants shows plaintiff was checked by a doctor and found to have no injuries.

Finally, the undisputed evidence also shows that in order to obtain the mandatory blood withdraw from plaintiff, it was required that he be restrained to a bed. Although plaintiff disputes that he was given the opportunity to use a urinal and was given lunch while restrained, he does not dispute that he refused to submit to the testing, and refused to take accountability until just before the time he was released from full restraints, approximately nine and one-half hours later.

Eighth Amendment scrutiny is appropriate only after an inmate's formal adjudication of guilt in accordance with due process of law. Bell v. Wolfish, 441 U.S. 520, 537 (1979). Plaintiff was a pretrial detainee at the time of the alleged incidents contained in his complaint.[3] The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from being punished. Because a pretrial detainee cannot be punished, a court must decide whether the actions of defendants (in this case the use of force) were imposed for the purpose of punishment or whether the actions were an incident of some other legitimate governmental purpose. Id. at 539. Absent a showing of an expressed intent to punish on the part of detention facility officials, the determination will generally turn on whether the actions of the officials may be rationally connected to a legitimate governmental objective. Id. at 539. If so connected, the actions are not punishment. Id. Conversely, however, if a restriction or condition is not related to a legitimate

---

[3]Plaintiff was in the custody and care of the Missouri Department of Mental Health and had not yet been convicted of murder for which he was charged.

3

goal, if it is arbitrary or purposeless, a court may permissibly infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted on detainees. Id.

In this case, plaintiff has come forward with no evidence from which a reasonable jury could find that defendants used excessive force and/or their actions in subduing plaintiff were for the purpose of punishment. First, plaintiff does not dispute the evidence that the Missouri statute requiring his blood testing without the right of refusal was applicable. The evidence shows that plaintiff was physically resisting the mandatory testing set forth by Mo. Rev. Stat. § 191.662(1)(2). Institutions that have inmates or wards have a reasonable and legitimate interest in diagnosing severe medical problems to prevent transmission of infectious diseases among their populations, especially when there are reasonable grounds to believe the person is infected or is a health threat to others. See Thompson v. City of Los Angeles, 885 F.2d 1439, 1447-48 (9th Cir. 1989) (jail's interest in diagnosing severe medical problems to prevent transmission of infectious diseases among jail's population did not violate Fourth Amendment or the Due Process Clause). See also Dunn v. White, 880 F.2d 1188 (10th Cir. 1989) (nonconsensual AIDS test did not violate prisoner's First Amendment or Fourth Amendment rights). See also Gatewood v. Blount, 2006 WL 2506184 (W.D. Mo. 2006) (use of force against prisoner to gain compliance with state-mandated TB testing was done for legitimate penological objective and did not violate constitutional rights).

In the instant case, plaintiff admitted to having sex with another ward at Fulton, thereby putting the other party and himself at risk for exposure to HIV or other infectious diseases. Thus, Fulton and defendants had a reasonable basis for requiring plaintiff to submit to the testing. The testing was being done for legitimate safety concerns related to plaintiff's health, the health of his sexual partner and the health of other Fulton residents and staff.

Second, plaintiff does not dispute that his being restrained to a bed was done in order to obtain the mandatory blood testing withdraw, and was pursuant to Fulton policy which explicitly states that this restraint is not to be a form of punishment, but rather can be a tool used by Fulton staff to ensure institutional safety and security. The undisputed facts show plaintiff was restrained for institutional safety and security, and do not support plaintiff's allegations that he was being restrained without just cause or for purposes of punishment. Despite plaintiff's

4

assertion, the fact that he remained restrained for nine and one-half hours as a result of the incident does not, in itself, support that the restraint was excessive. Plaintiff does not dispute that he refused to take accountability or conform his behavior until just before he was released from restraints nine and one-half hours later. The evidence shows that plaintiff controlled his length of restraint, and could have been released at an earlier time. Third, the evidence shows plaintiff was not injured as a result of the incident, but rather it was defendants who were injured as a result of the incident.

Plaintiff's claims of excessive force in violation of his due process rights must fail. Plaintiff has come forward with no evidence from which a reasonable jury could find that the force used by defendants was excessive or done without just cause or reason, or for the purpose of punishment. This court finds there to be no dispute of material fact on plaintiff's claims of excessive force, in violation of his due process rights, and that defendants are entitled to judgment as a matter of law on these claims.

## Free Exercise Claim

Plaintiff's allegation that defendants' administration of the psychiatric drug Ativan violated his free exercise rights is not supported by evidence from which a reasonable jury could find for plaintiff.

In analyzing a free exercise claim, the court must first consider whether the challenged governmental action infringes upon a sincerely held religious belief. Murphy v. Missouri Dept. of Corr., 372 F.3d 979, 989 (8th Cir. 2004). Assuming this threshold question is answered affirmatively, the court must then apply the Turner factors to determine if the regulation restricting the religious practice is reasonably related to legitimate institutional objectives. Id.

In Turner v. Safeley, 482 U.S. 78, 89-90 (1987), the Supreme Court enumerated four factors to evaluate the reasonableness of a regulation: (1) there must be a valid, rational connection between the institutional regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the institutionalized persons; (3) the impact accommodation of the asserted constitutional right will have on staff and other institutionalized persons, and on the allocation of institutional resources generally; and (4) the absence of ready

5

alternatives is evidence of the reasonableness of an institutional regulation. The Court cautioned that this final factor does not establish a least restrictive alternative test. Id. at 91.

In this case, the undisputed evidence does not support that plaintiff's belief in Scientology were sincerely held. Plaintiff's own deposition shows he knew none of the central tenants of the religion, but rather, was interested in the religion because of it being presented by another Fulton resident, who pointed out to plaintiff that the Scientology religion does not believe in psychiatric medication.

Moreover, even if plaintiff's religious beliefs were sincerely held, the documented evidence supports a legitimate institutional objective in the administration of the drug Ativan. Fulton policy provides that staff may administer medication over a patient's religious objection when an emergency exists. Here, the undisputed evidence is that plaintiff resisted mandatory testing, and injured Fulton staff members. Plaintiff's actions can certainly be said to be an emergency situation, and done for the purpose to further safety and security within the institution, a legitimate institutional objective. No reasonable jury could find that the one-time administration of the psychiatric drug Ativan violated plaintiff's First Amendment rights.

## Respondeat Superior

Respondeat superior is not actionable under 42 U.S.C. § 1983. Supervisors may not be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). Instead, a supervisor may be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Id. "In general, supervisors are liable under section 1983 for a subordinate's violation of a third person's constitutional rights only if their deliberate indifference to the offensive conduct and failure to take adequate remedial action proximately cause the injury." Cox v. Sugg, 484 F.3d 1062, 1066 (8th Cir. 2007). A supervisor's mere involvement in the grievance process is insufficient to be actionable under 42 U.S.C. § 1983. Bean v. Dormire, 2008 WL 2230695 *8 (W.D. Mo. May 29, 2008). Furthermore, it is well settled that a failure to properly investigate or respond to an inmate's grievances is not actionable under section 1983. Id.

Plaintiff's allegations that defendants failed to take corrective action was not the proximate cause of his allegedly being assaulted by staff. Moreover, a mere failure to investigate or respond to an inmate's grievance is not a cause of action under section 1983.

Based on the undisputed facts, no reasonable jury could find defendants Reitz, Martin and Bruns were liable for the incident that occurred on December 13, 2006.

## Qualified Immunity

Because this court finds there to be no dispute of material fact, and that as a matter of law defendants did not violate plaintiff's constitutional rights, defendants' further argument in support of summary judgment based on qualified immunity need not be addressed. If the recommendation contained herein is not adopted, the district judge may reconsider the issue of qualified immunity.

## State Law Claims

*Assault and Battery*

An assault is any unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating imminent peril. Amoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. App. E.D. 2001). A battery is a wilful touch of person of another, otherwise known as the consummation of the assault. Id. As set forth previously in this report, plaintiff has failed to come forward with evidence from which a reasonable jury could find that defendants' actions were unlawful or that they acted with the intent of causing harm to plaintiff. Therefore, no reasonable jury could find that plaintiff has sufficient evidence to support a claim for compensation on his state claims of assault and battery.

*Defamation*

Plaintiff's allegation that defendants' statements regarding the December 13, 2006 incident constitute defamation has no merit. In Missouri, the elements of defamation are (1) publication (2) of a defamatory statement (3) which identifies the plaintiff (4) that is false (5) that is published with the requisite degree of fault, and (6) damages the plaintiff's reputation. Sterling v. Rust Communications, 113 S.W.3d 279, 281 (Mo. 2003). The requisite degree of fault for a private figure, such as in the instant case, is negligence. Overcast v. Billings Mut. Ins. Co., 11

7

S.W.3d 62, 70 (Mo. Banc 2000). For publication, the information needs to be transmitted to a third person. Herberholt v.dePaul Community Health Ctr., 625 S.W.2d 617, 624 (Mo. 1981).

In this case, as set forth above, plaintiff has failed to come forward with evidence to support the reports and documentation of defendants regarding the December 13, 2006 incident are false. In fact, plaintiff does not dispute his refusal to submit to mandatory testing, and his physically resisting such testing. Further, plaintiff fails to provide any evidence that his reputation was somehow injured by statements made in Fulton employee responses to his grievances, or that the responses of these defendants were somehow negligent. Further, plaintiff fails to provide evidence of how such statements were somehow published.

Plaintiff, who was committed to Fulton on grounds that he was incompetent to stand trial, and has since been convicted of second-degree murder and armed criminal action, fails to come forward with evidence from which a reasonable jury could find that defendants are liable for damaging his reputation.

## Conclusion

For the reasons set forth above, this court finds no reasonable jury could find that defendants violated plaintiff's constitutional or state rights, and therefore, defendants are entitled to judgment as a matter of law on plaintiff's claims.

Plaintiff's motion seeking to add seventeen defendants to the claims recommended dismissed on summary judgment is denied. Plaintiff's motions for appointment of counsel are also denied.

IT IS, THEREFORE, ORDERED that plaintiff's motions seeking appointment of counsel are denied, without prejudice. [123, 132] It is further

ORDERED that plaintiff's motion to amend is denied. [122] It is further

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. [125]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985));

8

Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 15th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

9